## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **VALERIE ANNETTE BARTEE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. CIV-19-371-JFH-SPS** |
| **v.** | ) | |
| | ) | |
| **MARTIN O'MALLEY,** | ) | |
| **Commissioner of the Social** | ) | |
| **Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

The Plaintiff appealed the decision of the Commissioner of the Social Security Administration denying her request for benefits. The Court reversed the decision of the Commissioner and remanded the case to the Administrative Law Judge ("ALJ") for further proceedings. On remand, the Administrative Law Judge ("ALJ") found that the Plaintiff was disabled and awarded her approximately $47,817.00 in past-due benefits. The Plaintiff's attorney now seeks an award of fees pursuant to 42 U.S.C. § 406(b)(1). For the reasons set forth below, the undersigned Magistrate Judge recommends pursuant to 28 U.S.C. § 636(b)(1)(C) that Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) [Docket No. 29] should be granted and that Plaintiff's attorney be awarded $9,232.45 in attorney's fees.

When "a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. 406(b)(1)(a). The 25% does not include any fee awarded by the Commissioner for representation

in administrative proceedings pursuant to 42 U.S.C. § 406(a).  *Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008) ("Based on the plain language and statutory structure found in § 406, the 25% limitation on fees for court representation found in § 406(b) is not itself limited by the amount of fees awarded by the Commissioner.").  The amount requested in this case is $9,232.45, approximately 25% of the Plaintiff's past-due benefits in accordance with the applicable attorney fee agreement, and the motion was filed within one day after counsel received notice of the of award.  *See Harbert v. Astrue*, 2010 WL 3238958 at *1 n. 4 (E.D. Okla. Aug. 16, 2010) (slip op.) ("The Court notes here that while no explanation is needed for a Section 406(b)(1) motion filed within thirty days of issuance of the notice of appeal, lengthier delays will henceforth be closely scrutinized for reasonableness, including the reasonableness of efforts made by appellate attorneys to obtain a copy of any notice of award issued to separate agency counsel.").  *See also McGraw v. Barnhart*, 450 F.3d 493, 504-505 (10th Cir. 2006) ("Section 406(b) itself does not contain a time limit for fee requests.[1]

The Court therefore need only determine if this amount is reasonable for the work performed in this case.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) ("[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, § 406(b) calls for court review of

---

[1] Counsel has represented in the Motion for Attorney Fees that after four months had passed without receipt of the Notice of Award from the agency, counsel's paralegal contacted the agency representative on March 7, 2024. Again, after no response from the agency representative, counsel's office again sent the agency representative a request for information regarding the status of the Notice of Appeal. The agency representative then responded and on April 3, 2024, counsel received a copy of the Notice of Award which was issued in October 2023. The agency representative provided no reason why the notice had not been sent to counsel in a timely manner and did not explain why counsel's request for updated information regarding the status of the notice was ignored. The instant motion was filed one day after counsel received the Notice of Award necessary to file for fees. The Court finds both the attempts by counsel to obtain the Notice of Award and the resulting delay in filing the Motion for Attorney Fees to be reasonable under the circumstances presented.

such arrangements as an independent check, to assure that they yield reasonable results in particular cases."). Factors to consider include: (i) the character of the representation and results achieved, (ii) whether any dilatory conduct might allow attorneys to "profit from the accumulation of benefits during the pendency of the case in court [,]" and (iii) whether "the benefits are [so] large in comparison to the amount of time counsel spent on the case" that a windfall results. *Id.* at 808, *citing McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989) (reducing fees for substandard work); *Lewis v. Secretary of Health & Human Services*, 707 F.2d 246, 249-50 (6th Cir. 1983) (same); *Rodriguez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989) (noting fees are appropriately reduced when undue delay increases past-due benefits or fee is unconscionable in light of the work performed); *Wells v. Sullivan,* 907 F.2d 367, 372 (2nd Cir. 1990) (court should consider "whether the requested amount is so large as to be a windfall to the attorney"). Contemporaneous billing records may be considered in determining reasonableness. *Gisbrecht*, 535 U.S. at 808 ("[T]he court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases."), *citing Rodriguez*, 865 F.2d at 741.

Based on the factors enunciated in *Gisbrecht*, the Court concludes that $9,232.45 in attorney's fees is reasonable for the work done in this case. First, the attorney ably represented the Plaintiff in her appeal to this Court and obtained excellent results on her behalf, *i. e.*, a reversal of the Commissioner's decision denying benefits and remand for further consideration. The Plaintiff's success on appeal enabled her not only to prevail in her quest for social security benefits, but also to obtain $4,478.20 in fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). Second, there is no evidence that the Plaintiff's attorneys caused any

-3-

unnecessary delay in these proceedings. Third, the requested fee does not result in any windfall to the Plaintiff's attorney, who spent a total of 22.8 hours on this appeal. This would equate to a rate of approximately $404.93 per hour. This rate is not excessive here and the Court therefore concludes that the requested fee of $9,232.45 is reasonable within the guidelines set by *Gisbrecht*.

It appears that the Commissioner retains sufficient funds to pay the $9,232.45 awarded to the Attorney herein under Section 406(b)(1). If, however, for any reason the Commissioner may not have sufficient funds on hand to satisfy the $9,232.45 awarded herein, the Plaintiff's attorney will have to recover the difference from the Plaintiff herself, not from her past-due benefits. *See Wrenn*, 525 F.3d at 933 ("If the amount withheld by the Commissioner is insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past-due benefits, to recover the difference."). Furthermore, because the $9,232.45 awarded herein pursuant to Section 406(b)(1) exceeds the $4,478.20 previously received by the Plaintiff as part of the EAJA fee award, the Plaintiff's attorney must refund the latter amount to the Plaintiff. *See Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir.1986).").

Accordingly, the undersigned Magistrate Judge hereby PROPOSES the findings set forth above and RECOMMENDS that Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) [Docket No. 29] be GRANTED, and that the Court award attorney's fees in the amount of $9,232.45 pursuant to 42 U.S.C. § 406(b)(1). Any objections to this Report and Recommendation must be filed within fourteen days. *See* Federal R. Civ. P. 72(b). Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

**IT IS SO ORDERED** this 10th day of April, 2024.

_____

**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**